**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 13 2026

**MITCHELL R. ELFERS**
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
GREGORY FREEMAN, Plaintiff,

CV 26-1128 KK

v.

OFFICER BURKHART (Individually and in his official capacity as a Roswell Police Officer);
ADELA MATA (Individually and in her official capacity as Lead District Attorney);
KATHERINE WORTHINGTON (Individually and in her official capacity as Assistant District Attorney);
JESSACA WRIGHT (Individually and in her official capacity as District Attorney Staff);
JUDGE ROGERS (Individually and in his official capacity as Magistrate Judge);
CITY OF ROSWELL / CHAVES COUNTY,
Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. §§ 1983, 1985)

## I. JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 to redress the deprivation of rights secured by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343. Venue is proper in the District of New Mexico as all events occurred within this district.

## II. FACTUAL ALLEGATIONS

A. Fabrication of Probable Cause and Selective Documentation (Defendant Burkhart)

On February 12, 2026, Defendant Burkhart responded to a residential dispute. Plaintiff was a legal co-leaseholder of the residence with a full right of occupancy.

Defendant Burkhart's official report claims the other leaseholder struck the Plaintiff in response to a "chest bump." Forensic video record (Exhibit 235.mp4) provides objective proof that no such "chest bump" occurred, rendering the probable cause for arrest a fabrication.

Defendant Burkhart engaged in a biased "curation" of physical evidence. He documented the Plaintiff's physical injuries and knuckles specifically to characterize the Plaintiff as the aggressor. Conversely, Defendant Burkhart intentionally omitted photos of the other party's knuckles (the point of impact), which would have provided forensic proof of the assault committed against the Plaintiff. This selective documentation and narrative fabrication constitute a race-based and sex-based violation of Equal Protection. Detailed in (EXHIBIT B)
Compared to (EXHIBIT C) OFFICER BURKHART'S POLICE REPORT

B. Fraud on the Tribunal and Discovery Misconduct (Defendants Mata, Whitmore, and Wright)
Defendants Mata, Worthington, and Wright represented to the Court that the Prosecution lacked the Plaintiff's contact information to secure illegal procedural advantages.

This representation is refuted by Exhibit A (Phone Log) showing a 9-minute call from the DA's office to the Plaintiff, and Exhibit A (Email Record) sent by Jessica Wright directly to the Plaintiff.

The email from Jessica Wright CC'ed Defendants Mata and Worthington, proving the entire chain of command was in possession of the Plaintiff's contact data while simultaneously claiming to the Court they lacked such data.

Defendants intentionally suppressed and omitted the February 1st body cam footage from discovery. This footage establishes a documented pattern of the complainant providing false information to law enforcement ("Swatting").

C. The April 7th Hearing and Judicial Obstruction (Defendant Rogers)

On April 7, 2026, during a motion hearing, the Prosecution faced an immediate loss via Default Judgment for failing to respond to Plaintiff's March 2nd 2026 Motion to dismiss with findings of factual, innocence and statement of facts within the mandatory 15-day window (Rule 6-304). During this hearing, Defendants Mata, Worthington, and Wright utilized the documented "Contact Info Lie" to secure an illegal extension. The objective was to reset the case to "Ground Zero" and re-litigate a case that was legally settled by default.

Defendant Rogers facilitated this "reset" by deliberately preventing the Plaintiff from addressing the fraud and default in open court.

Acting in an administrative capacity, Defendant Rogers physically returned and purged the forensic metadata (the 9-minute call and Wright email) from the court record to shield the Prosecution from discovery of their own fraud.

III. CLAIMS FOR RELIEF

The Causes of Action herein represent a comprehensive breakdown of the specific Constitutional violations committed by each Defendant. Count I identifies the Equal Protection violation arising from Officer Burkhart's selective documentation and fabrication of a narrative. Count II addresses the Due Process violations and Fraud on the Tribunal committed by the District Attorney's staff regarding perjurious representations and the suppression of exculpatory evidence. Count III identifies the Obstruction of Justice committed by Judge Rogers during the April 7th hearing, specifically his physical suppression of the record. Count IV establishes a multi-party conspiracy under 42 U.S.C. § 1985, wherein the Defendants worked in concert to bypass the law and maintain a fraudulent prosecution against the Plaintiff.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, jointly and severally:

A. Compensatory Damages in the amount of $500,000, including:

Compensation for the irreparable loss of professional standing and reputation as a law enforcement professional;

Compensation for the destruction of career longevity and future earning potential;

Compensation for the severe emotional distress, mental anguish, and physical stress resulting from a 60-day fraudulent prosecution;

Recovery of all out-of-pocket legal expenses and costs associated with defending against a bad-faith prosecution.

B. Punitive Damages in the amount of $1,500,000 ($300,000 per individual Defendant) to punish the Defendants for their malicious and coordinated defiance of the law and to deter such conduct in the future;

C. A declaratory judgment of the Plaintiff's Factual Innocence;

D. Such other relief as the Court deems just and proper.

4/13/26

Exhibit

A

10:00

LTE 95

# Freeman, Gregory RM-26-0052 (M-0007-VM-202600030)

Inbox

**Jessaca Wright** Mar 2

to me, Adela, Kath... ^

From  **Jessaca Wright** • JWright@da.state.nm.us

To  gregory.freeman22@gmail.com

Cc  **Adela Mata** • AMata@da.state.nm.us
**Katherine Worthington** • KWorthington@da.state.nm.us

Date  Mar 2, 2026, 12:04

🔒  Standard encryption (TLS).
View security details



# EXHIBIT B



































# EXHIBIT A

Exhibit

C

| | | INCIDENT/INVESTIGATION REPORT | | Case# 2026-000949 |
|---|---|---|---|---|

**Agency Name**
*Roswell Police Department*

**ORI** NM 0030100

**Date / Time Reported** 02/12/2026 22:58 Thu

**Last Known Secure** 02/12/2026 22:58 Thu

**Location of Incident** *613 BROKEN ARROW RD, Roswell NM 88201*

**Gang Relat** NO

**Premise Type** *Residence/home*

**Beat/GeoProx** CHRL

**At Found** 02/12/2026 22:58 Thu

### INCIDENT DATA

**#1 Crime Incident(s)** (Com) *Battery On Household Member (not Aggravated) - BAHH*
**Weapon / Tools** *None*
**Entry** **Exit** **Security** **Activity** N

**#2 Crime Incident** ( )
**Weapon / Tools**
**Entry** **Exit** **Security** **Activity**

**#3 Crime Incident** ( )
**Weapon / Tools**
**Entry** **Exit** **Security** **Activity**

**MO**

### VICTIM

**# of Victims** 1    **Type:** INDIVIDUAL    **Injury:** None

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | WARE, BARBRA KATHLEEN | 1, | 10/17/2000 Age 25 | W | F | IXS | Resident | |

**Home Address** *613 BROKEN ARROW RD , Roswell, NM 88201-*
**Email**
**Home Phone** 575-910-2950

**Employer Name/Address** *GODDARD HIGH SCHOOL 701 E COUNTRY CLUB (STUDENT)*
**Business Phone**
**Mobile Phone**

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|
| | | | | | | |

### OTHERS INVOLVED

**CODES:** V- Victim (Denote V2, V3)    WI = Witness    IO = Involved Other    RP = Reporting Person (if other than victim)

**Type:** INDIVIDUAL    **Injury:**

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| IO | HAMILTON, ZACHARY HUNTER | | 09/15/1998 Age 27 | W | M | | Resident | |

**Home Address** *HOMELESS ROSWELL, NM 88201*
**Email**
**Home Phone**

**Employer Name/Address**
**Business Phone**
**Mobile Phone**

**Type:**    **Injury:**

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| | | | Age | | | | | |

**Home Address**
**Email**
**Home Phone**

**Employer Name/Address**
**Business Phone**
**Mobile Phone**

### PROPERTY

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Officer/ID#** *BURKHART, CLAYTON J Jr (RPD1291)*

**Invest ID#** (0)    **Supervisor** (0)

### Status

**Complainant Signature**    **Case Status** Cba   02/13/2026    **Case Disposition:**    Page 1

R_CS1IBR    , PDREC-01 # G.Davey    Sys#: 1    02/13/2026 07:00

## INCIDENT/INVESTIGATION REPORT

*Roswell Police Department*

Case # *2026-000949*

| Status Codes | 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown |

| | IBR | Status | Quantity | Type Measure | Suspected Type | |
|---|---|---|---|---|---|---|
| D R U G S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

Suspect Hate / Bias Motivated:

### NARRATIVE

On Thursday, February 12, 2026, at approximately 2300 hours, I, Officer C. Burkhart #1291, was dispatched to 613 Broken Arrow Rd. in reference to a domestic disturbance. Prior to arrival, Dispatch advised there were two (2) calling parties, identified as Gregory Freeman and Barbara Ware. Dispatch advised Ms. Ware reported Mr. Freeman was cornering and pushing her, and she had to hit him to get him to stop. Mr. Freeman reported Ms. Ware would not leave him alone or get out of his space. This report was filed.

## REPORTING OFFICER NARRATIVE

| Roswell Police Department | | OCA |
|---|---|---|
| | | 2026-000949 |
| Victim | Offense | Date / Time Reported |
| WARE, BARBRA KATHLEEN | BATTERY ON HOUSEHOLD MEMBER (NOT | Thu 02/12/2026 22:58 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**NARRATIVE:**

On Thursday, February 12, 2026, at approximately 2300 hours, I, Officer C. Burkhart #1291, was dispatched to 613 Broken Arrow Rd. in reference to a domestic disturbance. Prior to arrival, Dispatch advised there were two (2) calling parties, identified as Gregory Freeman and Barbara Ware. Dispatch advised Ms. Ware reported Mr. Freeman was cornering and pushing her, and she had to hit him to get him to stop. Mr. Freeman reported Ms. Ware would not leave him alone or get out of his space. This report was filed.

**INVESTIGATION:**

Upon arrival, I made contact with Ms. Ware and another male identified as Zachary Hamilton, who was present during the altercation and recorded the incident. Ms. Ware and Mr. Hamilton showed me the recording they captured.

I observed in the recording that Mr. Freeman (Ms. Ware`s ex-boyfriend) and Ms. Ware were inside the garage with the garage door open arguing. Mr. Freeman was heard stating the garage was his space and he wanted Ms. Ware to leave. I observed Mr. Freeman approach Ms. Ware with his hands in the air and use his chest to make contact with her, forcefully pushing her out of the garage. I then observed Ms. Ware strike Mr. Freeman in the face and push him away while yelling at him not to touch her.

The recording showed Mr. Freeman and Ms. Ware continuing to argue. Mr. Freeman walked to and opened the side door of the garage leading into the residence. He then closed the door and approached Ms. Ware again with his hands in the air. I heard Ms. Ware state she was scared. Mr. Freeman was heard stating he was going to close the garage door and for Ms. Ware to leave his space. Mr. Freeman again used his chest to make contact with Ms. Ware, forcefully pushing her outside. Ms. Ware was heard telling Mr. Freeman to stop. When his chest made contact with her, she struck him again in the face and pushed him away.

Ms. Ware was then observed moving to the other side of the garage. Mr. Freeman followed her and again pushed her with his chest until he was able to force her outside and close the garage door.

I then made contact with Mr. Freeman inside the residence. Mr. Freeman stated he placed Ms. Ware`s belongings in trash bags in the living room so she could sort through them, because he wanted her belongings out of his space. He stated they had a verbal agreement regarding who would stay in certain areas of the residence.

Mr. Freeman provided me with a video he recorded inside the garage by propping up his phone. The video only showed Mr. Freeman; however, the argument could be heard. Mr. Freeman stated he approached Ms. Ware with his hands in the air, telling her to leave his space so he could close the garage door, and that Ms. Ware struck him in the face. Mr. Freeman stated this occurred two (2) more times and that Ms. Ware elbowed him in the face. Mr. Freeman stated his lip was busted and showed me the inside of his bottom lip. I observed a small laceration on the inside of Mr. Freeman`s bottom lip.

The facts presented in this case are as follows:

Ms. Ware resides at the residence and Mr. Freeman does not have lawful authority to remove her from the garage. The garage is a common area of the residence and not an area of exclusive privacy. Through the video provided by Ms. Ware and Mr. Hamilton, I observed Mr. Freeman initiated physical contact by forcefully pushing Ms. Ware with his chest in an attempt to remove her from the garage. Ms. Ware struck Mr. Freeman only after he applied

## REPORTING OFFICER NARRATIVE

| Roswell Police Department | | OCA 2026-000949 |
|---|---|---|
| Victim WARE, BARBRA KATHLEEN | Offense BATTERY ON HOUSEHOLD MEMBER (NOT | Date / Time Reported Thu 02/12/2026 22:58 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

unwanted force to her and while she stated she was scared. Mr. Freeman was subsequently placed under arrest.

After Mr. Freeman was placed under arrest, he stated that prior to the incident in the garage, Ms. Ware had been pushing and shoving him while he was attempting to clean the residence. Mr. Freeman also stated he had an active Temporary Restraining Order (TRO) against Ms. Ware, and requested officers review the documentation.

I confirmed with Dispatch that Mr. Freeman did not have an active TROs against Ms. Ware. The documentation he provided indicated he had filed for a TRO; however, it had not yet been reviewed by a judge, signed, or served.

Mr. Freeman was then placed in the rear seat of my fully marked patrol vehicle. I subsequently made contact with Ms. Ware again.

I asked Ms. Ware to clarify the events that occurred prior to the incident in the garage. Ms. Ware stated she and Mr. Hamilton arrived at the residence, and upon entering she observed her belongings placed inside garbage bags in the living room. Ms. Ware stated she exited back into the garage, at which time Mr. Hamilton began recording the altercation between her and Mr. Freeman. Ms. Ware stated no physical altercation occurred between any parties prior to the incident in the garage.

ARREST
Mr. Freeman was handcuffed, searched, and transported to the Roswell Police Department. Mr. Freeman stated that he was a US citizen and has no children affected by this arrest. The handcuffs were checked for tightness and double locked. The back seat of my patrol unit was checked prior to and after transport.

INCARCERATION/RELEASE
Mr. Freeman was then transported to the Chaves County Detention Center and incarcerated with a bond to be set at arraignment.

ADDITIONAL INFORMATION:
-Digital photographs were taken of both Mr. Freeman and Ms. Ware.
-They were both given a copy of the report number for this incident/arrest.
-The video Ms. Ware and Mr. Hamilton provided to me with be uploaded to the Roswell Police Department servers.

Reporting Officer: BURKHART, CLAYTON J         PDREC-01 # G.Davey 02/13/2026 07:00                Page 4
R_CS3NC

## Incident Report Suspect List

*Roswell Police Department*

OCA: *2026-000949*

| 1 | Name (Last, First, Middle)<br>*FREEMAN, GREGORY ANDRE* | Also Known As | Home Address<br>*613 BROKEN ARROW RD*<br>*ROSWELL, NM 88201* |
|---|---|---|---|
| | Business Address | | *575-840-2377* |

| DOB | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State |
|---|---|---|---|---|---|---|---|---|---|---|
| *12/20/1991* | *34* | *B* | *M* | *N* | *508* | *190* | | | | *518223780 NM* |

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* Suspect Age | | Race | Sex | Eth | Height | Weight | SSN |
|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | Make | Model | | Color | Caliber | Dir of Travel / Mode of Travel |
| Veh Yr / Make / Model | | Drs | Style | Color | Lic Plate / State | | VIN |

Notes _____    Physical Char

Exhibit



## Petition for Writ of Mandamus

### STATE OF NEW MEXICO

COUNTY OF CHAVES  FIFTH JUDICIAL DISTRICT

GREGORY FREEMAN, Petitioner,  v. Case No. [To be assigned]  THE HONORABLE JUDGE ROGERS, Respondent.

PETITION FOR WRIT OF MANDAMUS

**I. PRELIMINARY STATEMENT** Petitioner Gregory Freeman hereby petitions this Court for a Writ of Mandamus directed at Respondent, Judge Rogers of the Magistrate Court. Petitioner seeks to compel the Respondent to perform the ministerial duty of ruling on Petitioner's pending **Motion for Dismissal with Prejudice and Finding of Factual Innocence**, which has been blockaded through **Fraud on the Tribunal** and a violation of **Rule 5-601 NMRA**.

**II. STATEMENT OF FACTS**

1. On **March 17, 2026**, the Prosecution failed to appear or provide discovery, resulting in a default.

2. On **April 7, 2026**, the Prosecution (Katherine Worthington) represented to the Court that the State lacked Petitioner's contact information to explain their 36-day delay.

3. **Forensic Evidence:** Metadata from a **March 2, 2026** email proves that the District Attorney's office—specifically **Chief Deputy DA Adela Mata**—was CC'd on Petitioner's contact information and additional discovery items.

4. Despite Petitioner's attempt to present this **9-minute and 36-second call log** and CC'd email proof, Respondent "muzzled" Petitioner and granted the Prosecution an unearned stay.

**III. ARGUMENT** Mandamus is appropriate where a public official refuses to perform a non-discretionary act. Respondent has a ministerial duty to uphold the integrity of the proceedings. Where **Fraud on the Tribunal** is proven by binary metadata, the Court lacks discretion to ignore the misconduct.

**IV. RELIEF REQUESTED** Petitioner requests this Court issue a Writ of Mandamus ordering Respondent to:

1. Vacate the stay granted on April 7, 2026.

2. Rule immediately on the Motion for Factual Innocence based on the proven perjury of the Prosecution.

Exhibit 235

video 235

Video file shared via Google drive in case hyperlink fails simply copy into browser.

https://drive.google.com/file/d/1Rsik2nDdR60rWApI8feKLOUB6dAixWtl/view?usp=drivesdk