IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY FREEMAN,

      Plaintiff,

v.                                                                          No. 1:26-cv-01128-KK

FNU BURKHART,
ADELA MATA,
KATHERINE WORTHINGTON,
JESSACA WRIGHT,
FNU ROGERS,
CITY OF ROSWELL and
CHAVES COUNTY,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
ORDER TO SHOW CAUSE AND
ORDER DENYING MOTIONS WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Violation of Civil Rights, Doc. 1, filed April 13, 2026, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed April 13, 2026 ("Application"), Plaintiff's Federal Motion for Partial Summary Judgment, Doc. 3, filed April 13, 2026, Plaintiff's Motion for Expedited Discovery, Doc. 4, filed April 13, 2026, and Plaintiff's Motion for Impeachment of Defendants, Doc. 8, filed April 14, 2026.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income from August 21, 2025, until his termination from employment on February 12, 2026, was approximately $3,400.00; (ii) Plaintiff's expected income amount next month is $0.00; and (iii) Plaintiff has no cash and approximately $10.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because he has no income.

**Order to Show Cause**

This case arises from Plaintiff's arrest by Defendant Roswell Police Officer Burkhart and events related to subsequent state-court proceedings. *See* Complaint at 1, 30. Plaintiff alleges Defendant Burkhart provided false information in the arrest report and intentionally omitted other evidence. *See* Complaint at 1. Plaintiff alleges that Defendant Lead District Attorney Mata,

Defendant Assistant District Attorney Worthington, and Defendant District Attorney Staff Wright "intentionally suppressed and omitted" evidence and misrepresented to the court that they lacked Plaintiff's contact information. Complaint at 1-2. Plaintiff asserts an equal protection claim "arising from Defendant Burkhart's selective documentation and fabrication of a narrative," due process claims arising from the District Attorney Defendants regarding their "perjurious representations and the suppression of exculpatory evidence," an "obstruction of justice" claim against state-court Defendant Judge Rogers arising from "his physical suppression of the record," and a civil rights conspiracy claim pursuant to 42 U.S.C. § 1985 "wherein the Defendants worked in concert to bypass the law and maintain a fraudulent prosecution against the Plaintiff." Complaint at 2. Plaintiff seeks compensatory and punitive damages and "a declaratory judgment of the Plaintiff's factual innocence." Complaint at 2-3.

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023-WL-4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, it appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). As the party seeking to invoke the jurisdiction of this Court, Plaintiff

3

bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted); *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661 *3 (10th Cir. May 19, 2025) (stating the *Younger* abstention doctrine "applies when the state proceedings are (1) 'criminal prosecutions'").  State Court records indicate there is an ongoing criminal proceeding in Roswell Magistrate Court.  *See New Mexico v. Freeman*, No. M-7-VM-202600030 (N.M.S.A. §§ 30-3-15 and 31-19-1, battery, household member).  Plaintiff claims: (i) Defendant Burkhart omitted some evidence and fabricated other evidence; (ii) the District Attorney Defendants misrepresented to the Roswell Magistrate Court that they lacked Plaintiff's contact information and that they "suppressed and omitted" evidence; and (iii) Defendant Judge Rogers granted the prosecutors an extension of time instead of entering default judgment, "prevent[ed] Plaintiff from addressing the fraud and default in open court" and "purged" certain evidence from the court record.  Plaintiff has not alleged facts showing that the Roswell Magistrate Court does not provide an adequate forum to

hear those claims and, if Plaintiff believes the Roswell Magistrate Court erred, the state district court does not provide an adequate forum on appeal.

Second, it does not appear that the Court has jurisdiction over Plaintiff's claims against the state district attorney Defendants or the state-judge Defendant ("State Defendants") in their official capacities.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
> > First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).  There are no allegations showing that any of the three exceptions to Eleventh Amendment immunity apply in this case.

> Third, the Complaint fails to state an equal protection claim against Defendant Burkhart.
>
> The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every

> person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.

> A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 Fed.Appx. 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).  There are no factual allegations showing that Defendant Burkhart treated Plaintiff differently from others similarly situated.

Fourth, it appears that the District Attorney Defendants in their individual capacities are immune from suit.  "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1209-10 (10th Cir. 2022) (stating prosecutor is entitled to absolute prosecutorial immunity even if the statements the prosecutor made during a preliminary hearing were false).  There are no allegations showing the District Attorney Defendants were not acting within the scope of their duties in the state court case.

Fifth, it also appears that Defendant Judge Rogers in his individual capacity is immune from suit.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all

6

jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  There are no allegations showing that Defendant Judge Rogers' actions were taken in the complete absence of all jurisdiction.

> Sixth, the Complaint fails to state a conspiracy claim pursuant to 42 US.C. § 1985.

> [U]nder § 1983 and § 1985, we have generally held a federal conspiracy action brought under either of these statutes requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective. *See Salehpoor v. Shahinpoor,* 358 F.3d 782, 785, 789 (10th Cir. 2004) (regarding § 1985 action); *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1229, 1231 (10th Cir. 1990) (regarding § 1985 action); *Snell v. Tunnell,* 920 F.2d 673, 702 (10th Cir. 1990) (regarding § 1983 action).  In addition, while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have also held "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because "'[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.' " *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir. 1998) (quoting *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994)).

*Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010); *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (to state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants").  Plaintiff states "Defendants worked in concert to bypass the law and maintain a fraudulent prosecution against the Plaintiff."  However, there are no factual allegations showing that Defendants reached an agreement to deprive Plaintiff of a federally protected right.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").  Furthermore, the Complaint fails to state a conspiracy

claim pursuant to 42 U.S.C. § 1985 because it does not allege facts showing some racial or otherwise class-based discriminatory animus behind Defendants' actions:

> The relevant portion of § 1985(2) provides a right of action "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3), clause 1, provides a right of action "[i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).
>
> Among other elements, both causes of action require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Murray v. City of Sapulpa,* 45 F.3d 1417, 1423 (10th Cir.1995); *Smith v. Yellow Freight Sys., Inc.,* 536 F.2d 1320, 1323 (10th Cir.1976). The focus of the racial animus inquiry is the government actor's "intent, motive, or purpose." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 647 (10th Cir.1988). To avoid summary judgment, Plaintiffs must point to "specific, nonconclusory evidence" that the Defendants' actions were "improperly motivated." *Id.* at 650.

*Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015).  Plaintiff states Defendant Burkhart's actions "constitute a race-based and sex-based violation of Equal Protection" but does not set forth specific, nonconclusory allegations showing that any of the Defendants' actions were motivated by a racial discriminatory animus.  Complaint at 1.

Finally, the Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of City of Roswell and Defendant Chaves County.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821,

8

105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).  There are no factual allegations showing that a City of Roswell or Chaves County policy or custom was the moving force behind the alleged constitutional deprivations.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above.    If Plaintiff asserts the Court should not dismiss this case Plaintiff must file an amended complaint.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated") (emphasis added). The amended complaint must comply with the Federal and Local Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a) (a complaint must contain a short and plain statement of the grounds for the Court's jurisdiction); Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs"); D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked").

**Order Denying Motions Without Prejudice**

Plaintiff filed a Motion for Partial Summary Judgment on the same day that he filed his Complaint and, consequently, none of the Defendants have appeared in this case.  *See* Doc. 3 at 1. Plaintiff seeks summary judgment on his claims for violation of his due process rights and the commission of fraud on the state court that he asserts in his original Complaint.  *See* Motion for Partial Summary Judgment at 1.

The Court denies Plaintiff's Motion for Partial Summary Judgment without prejudice because the Court is ordering Plaintiff to file an amended complaint.  "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin*

9

*v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).  Plaintiff may file a second motion for summary judgment after he files his amended complaint.  The Court notifies Plaintiff that the Court cannot rule on a motion for summary judgment until after Defendants have had an opportunity to respond and after Defendants have had an opportunity to take any discovery needed to respond to the motion.  *See* 11 Moore's Federal Practice – Civil § 56.80.1 ("A party facing a summary judgment motion has a fundamental, due process right to respond to that motion, even though Rule 56 does not say so expressly.  The right is mentioned in caselaw, but only obliquely as if its existence were too fundamental an assumption to be explained in full"); Fed. R. Civ. P. 56(d)(2) ("If a nonmovant shows . . .it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery").

Plaintiff also filed a Motion for Expedited Discovery stating "expedited discovery is necessary to preserve critical electronic evidence and to allow the Cour to resolve the pending dispositive motion on a full record" and expedited discovery will "facilitat[e] the early resolution of liability and ensur[e] that the 'Shadow' of suppressed evidence does not result in the permanent loss of the record."  Doc. 4 at 1-2.

The Court denies Plaintiff's Motion for Expedited Discovery because, as discussed above, the original Complaint does not show that the Court has jurisdiction over this case pursuant to the *Younger* abstention doctrine and Plaintiff's claims against the individual Defendants in their official capacities, it appears that the individual Defendants in their individual capacities are immune from suit and the original Complaint fails to state a claim against Defendants Burkhart, City of Roswell and Chaves County.  Plaintiff may file a second motion for expedited discovery after he files an amended complaint.

10

Plaintiff also "seeks the immediate impeachment of the credibility of the Defendants and their disqualification from further participation in these proceedings" and "an immediate stay of all proceedings in the underlying state matter" pending resolution of this case. Motion for Impeachment of Defendants at 1.

The Court denies Plaintiff's Motion for Impeachment of Defendants without prejudice. First, Plaintiff has not cited any legal authority supporting his request to disqualify Defendants from participating in this case. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced"). Second, Plaintiff has not shown that the Court has the authority to stay the proceedings in state court. Plaintiff states "federal intervention and a stay of proceedings are warranted under the Bad Faith exception to the Younger abstention doctrine" but does not provide an explanation of or a citation for that exception. Furthermore,

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). Plaintiff has not shown that any of the exceptions to the Anti-Injunction Act apply in this case. Plaintiff attached 34 pages of exhibits to his Motion for Impeachment of Defendants but did not identify the portions of each exhibit that he wishes to bring to the Court's attention. *See* D.N.M.LR-Civ. 10.6 ("The portions

of an exhibit the party wishes to bring to the Court's attention must be marked"). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, Plaintiff did not sign his Motion for Impeachment of Defendants as required by Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"). Plaintiff may file a second motion to stay the state-court proceedings after he files an amended complaint.

**Service on Defendants**

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d). The Court will not order service of a summons and the Complaint on Defendants at this time because the Court is ordering Plaintiff to show cause why the Court should not dismiss this case. The Court will address service after the Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

12

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed April 13, 2026, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

13

(iii)    Plaintiff's Federal Motion for Partial Summary Judgment, Doc. 3, filed April 13, 2026, is **DENIED without prejudice.**

(iv)    Plaintiff's Motion for Expedited Discovery, Doc. 4, filed April 13, 2026, is **DENIED without prejudice.**

(v)    Plaintiff's Motion for Impeachment of Defendants, Doc. 8, filed April 14, 2026, is **DENIED without prejudice.**

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**

14