**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GREGORY FREEMAN,

      Plaintiff,

v.                                                                                        No. 1:26-cv-01128-KK

FNU BURKHART,
ADELA MATA,
KATHERINE WORTHINGTON,
JESSACA WRIGHT,
FNU ROGERS,
CITY OF ROSWELL and
CHAVES COUNTY,

      Defendants.

### ORDER DENYING REQUEST FOR APPOINTMENT OF FEDERAL MONITOR

This case arises from Plaintiff's arrest by Defendant Roswell Police Officer Burkhart and events related to subsequent state-court proceedings. *See* Complaint at 1, 30. Plaintiff alleged Defendant Burkhart provided false information in the arrest report and intentionally omitted other evidence. *See* Complaint at 1. Plaintiff alleged that Defendant Lead District Attorney Mata, Defendant Assistant District Attorney Worthington, and Defendant District Attorney Staff Wright "intentionally suppressed and omitted" evidence and misrepresented to the court that they lacked Plaintiff's contact information. Complaint at 1-2. Plaintiff asserted an equal protection claim "arising from Defendant Burkhart's selective documentation and fabrication of a narrative," due process claims arising from the District Attorney Defendants regarding their "perjurious representations and the suppression of exculpatory evidence," an "obstruction of justice" claim against state-court Defendant Judge Rogers arising from "his physical suppression of the record," and a civil rights conspiracy claim pursuant to 42 U.S.C. § 1985 "wherein the Defendants worked

in concert to bypass the law and maintain a fraudulent prosecution against the Plaintiff."
Complaint at 2.

The Court notified Plaintiff that, among other things, it appears the Court may lack jurisdiction over this case and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 10, filed April 15, 2026.

The same day the Court entered its Order to Show Cause, Plaintiff filed a Notice stating that the recusals of the magistrate judges in the state-court case was retaliation for Plaintiff filing this suit in federal court to "keep the Plaintiff trapped under unconstitutional conditions of release." Supplemental Notice of Coordinated Bad Faith Defiance, Systemic Monell Policy of Retaliation, and Request for Appointment of a Federal Monitor at 1, Doc. 9, filed April 15, 2026 ("Notice"). Plaintiff "requests the appointment of a Federal Monitor . . . to audit the dockets, ensure the total cessation of bad-faith 'administrative quarantines,' and prevent the ongoing destruction of the Plaintiff's career and constitutional rights." Notice at 1-2. Plaintiff also asks the Court to issue "an Order to Show Cause why Terminating Sanctions should not be issued against the Defendants for this coordinated fraud." Notice at 2.

The Court denies Plaintiff's requests for appointment of a federal monitor and for an order to show cause. The Court cannot grant Plaintiff any relief until Plaintiff demonstrates the Court has jurisdiction over this matter. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). In addition, Plaintiff has not cited any authority in support of his requests for a federal monitor and for an order to show cause

regarding sanctions.  *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

**IT IS ORDERED** that Plaintiff's Supplemental Notice of Coordinated Bad Faith Defiance, Systemic Monell Policy of Retaliation, and Request for Appointment of a Federal Monitor, Doc. 9, filed April 15, 2026, is **DENIED.**

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**

3