**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 17 2026

SG

**MITCHELL R. ELFERS**
**CLERK**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
GREGORY FREEMAN, Plaintiff,
v. Case No. 1:26-cv-01128-KK
CITY OF ROSWELL, et al., Defendants.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE REGARDING CONTINUING ADMINISTRATIVE OBSTRUCTION AND FRAUD ON THE TRIBUNAL

COMES NOW the Plaintiff, Gregory Freeman, pro se, and respectfully submits this Notice of Supplemental Evidence to apprise the Court of ongoing bad-faith developments occurring within the current Order to Show Cause (OSC) window. This notice is intended to supplement the record regarding the Defendants' "Potemkin Court" maneuvers and the resulting irreparable harm to the Plaintiff.

I. THE APRIL 7TH FRAUD: A STRATEGIC CASE RESET TO EVADE FINAL JUDGMENT AND THE JUDICIAL ADMISSION OF FACTS

The Plaintiff directs the Court's attention to Exhibit A (filed April 14, 2026), which provides binary proof that the prosecution committed perjury in state court on April 7th by claiming they lacked the Plaintiff's contact information. This fraud was not a clerical error; it was a calculated maneuver to force a case reset.

The Defendants recognized that the State had already defaulted on two critical, mandatory timelines:

Motion Response Default: The State missed the 15-day window to contest the Plaintiff's Motion for Dismissal with Findings of Factual Innocence. Under court rules, this failure to respond constitutes consent to the motion and the Statement of Facts therein; as such, those facts are now deemed admitted as Judicial Facts by operation of law.

Discovery Default: The State missed the 30-day window to produce the exculpatory February 1st Body Cam footage, which established a clear pattern of the initial complainant filing false reports to law enforcement.

By the April 7th hearing, the Plaintiff had effectively won the case on the merits and through double default. The prosecution committed perjury—and Judge Rogers actively suppressed the Plaintiff from addressing that perjury in open court—specifically to avoid a Finding of Factual Innocence. Such a finding would serve as res judicata or collateral estoppel, creating absolute liability for the City in this Federal Civil Rights action. The "reset" was designed to allow the Defendants to relitigate a case they had already lost.

II. THE FOSTER PARADOX: SELECTIVE EFFICIENCY AS A PROCEDURAL SHIELD

On April 13, 2026—the same day as the simultaneous recusals of Judge Rogers and Judge Mason—the Defendants, coordinated by City Attorney Josh Nairn-Mahan, secured the appointment of the Honorable Judge Jimmy Foster. This rapid, same-day assignment proves a 100% administrative capability to move the machinery of the court when it serves a narrative of "compliance" for the Federal record.

The simultaneous recusal of the Honorable Judge Mason is particularly illuminating, as he was fully capable and conflict-free to rule on the Plaintiff's case. His unnecessary removal, alongside Judge Rogers, was a critical component of the orchestrated maneuver to "darken" the docket and restart the clock. However, the subsequent and ongoing failure to appoint a Special Prosecutor for over 60 days exposes the true plan. The appointment of a respected jurist like

the Honorable Judge Foster is being used as a procedural shield to create the appearance of a functional court for this Tribunal. By withholding a prosecutor, the Defendants maintain an absolute functional freeze. This selective efficiency confirms the state case is a "Ghost Docket" designed to keep the "Ghost Charge" active while preventing the court from ruling on the Plaintiff's pending motions for default and exoneration.

III. CONTINUING SYSTEMIC FINANCIAL ATTRITION AS A LITIGATION WEAPON

The "Administrative Quarantine" has moved from a procedural delay to an active weapon of financial erasure. The motivation for this stagnation is to crush the Plaintiff's financial ability to sustain this litigation by cutting off every avenue of survival:

Vocation Bar: While the Plaintiff was separated from the Chaves County Detention Center (CCDC) in January, he remains a student of criminal justice and a trained Correctional Officer. The stagnant "violent" charge now serves as a permanent legal bar to his re-entry into law enforcement or any security-related vocation, effectively ending his career before it begins.

Total Market Exclusion: The Plaintiff was recently terminated from Instacart specifically due to the "pending" status of these charges, as documented by background-check protocols (Checkr). This has created a total barrier to even entry-level retail employment, making it impossible for the Plaintiff to obtain a replacement career in any Correctional Officer or Detention Officer capacity, as no entity will hire an individual with an unprosecuted violent charge on their record.

Irreparable Injury: The coordinated delay in the state court has resulted in the total loss of the Plaintiff's primary residence at 613 Broken Arrow Road. This homelessness is a direct, quantifiable result of the Defendants' refusal to resolve a case they have already defaulted on, rendering the Plaintiff unable to pay rent as a direct result of the Defendants' obstruction and reactionary tactics.

IV. THE 182-DAY "TECHNICALITY TRAP" (RULE 6-506 NMRA)

The Defendants' ultimate intent is to run the "Speedy Trial" clock until August 2026. By seating a judge while intentionally withholding a prosecutor, they are attempting to run the 182-day clock to secure a dismissal on a procedural technicality rather than a Merit-Based Exoneration. This would allow the Defendants to avoid a formal finding of Factual Innocence, thereby mitigating their civil liability in this Court for the initial unconstitutional arrest.

V. CONCLUSION

The Plaintiff submits this supplemental evidence to ensure the Court is aware that the Defendants' current "stagnation" is a tactical, bad-faith choice. Every day of delay is a day of continued financial and professional destruction for the Plaintiff, orchestrated specifically to evade the consequences of a case the Defendants have already lost on the merits.

RESPECTFULLY SUBMITTED,

/s/ Gregory Freeman

Plaintiff Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
GREGORY FREEMAN, Plaintiff,
v. Case No. 1:26-cv-01128-KK
CITY OF ROSWELL, et al., Defendants.
PLAINTIFF'S FORMAL REQUEST FOR JUDICIAL REFERRAL FOR CRIMINAL
INVESTIGATION PURSUANT TO 18 U.S.C. §§ 241, 242, AND 1503
COMES NOW the Plaintiff, Gregory Freeman, pro se, and respectfully requests that this
Honorable Court formally refer the following individuals and their documented conduct to the
United States Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI) for
criminal investigation.

This request is predicated on a documented pattern of Conspiracy Against Rights, Deprivation
of Rights Under Color of Law, and Obstruction of Justice intended to facilitate a fraudulent "case
reset" and evade a final judgment the Plaintiff has already won on the merits and by operation of
law.

I. THE STATUS OF THE UNDERLYING LITIGATION: A CONCLUDED VICTORY
The Plaintiff asserts that it is clear as day that Case No. M-7-VM-2026-00030 is legally and
forensically concluded. The State defaulted on two mandatory, non-discretionary timelines:
The 15-Day Motion Response Default: The State failed to contest the Plaintiff's Motion for
Dismissal with Findings of Factual Innocence.

The 30-Day Discovery Default: The State failed to produce exculpatory evidence.
By operation of law, the Statement of Facts within the Plaintiff's motions are deemed admitted
Judicial Facts. The Plaintiff has won this case on both the merits and through double default.
Any attempt to "reset" or "relitigate" this matter is a criminal effort to suppress a final judicial
reality.

II. THE COHORT OF CONSPIRACY AND CRIMINAL ACTS
1. THE HONORABLE JUDGE ROGERS: PERJURY FACILITATION AND RULE
SUPPRESSION

Judge Rogers actively participated in Fraud on the Tribunal by presiding over the April 7, 2026,
hearing where he facilitated the entry of known perjury into the record. Judge Rogers knowingly
violated two "must-act" rules of the court regarding the State's double defaults. His active
suppression of the Plaintiff's attempt to address these defaults was a willful act to prevent a
Finding of Factual Innocence, thereby protecting the municipal treasury from absolute federal
liability.

2. THE HONORABLE JUDGE MASON: BREACH OF THE DUTY TO SIT AND COORDINATED
OBSTRUCTION

Judge Mason participated in the criminal conspiracy by violating his mandatory Duty to Sit.
Despite being conflict-free and fully capable of presiding over the case, Judge Mason executed
a simultaneous, timed recusal on April 13, 2026, alongside Judge Rogers. This was not an
independent judicial act; it was a coordinated maneuver to "darken" the docket and facilitate a
fraudulent reset. His action was the "locking mechanism" of the Administrative Quarantine
intended to block the entry of a final judgment.

3. KATHERINE WORTHINGTON AND ADELA MATA: PERJURY AND EVIDENCE
SUPPRESSION

As officers of the court, Katherine Worthington and Adela Mata perpetrated the foundational fraud on April 7, 2026, by falsely claiming they lacked the Plaintiff's contact information to facilitate discovery. This was demonstrable Perjury, as the prosecution had been in possession of the Plaintiff's metadata since February 27, 2026. Their role was to manufacture a "procedural fog" to bypass their 30-day discovery default and suppress the exculpatory February 1st Body Cam footage.

III. CRIMINAL DEPRIVATION OF CONSTITUTIONAL RIGHTS

The coordinated acts of these individuals have resulted in the ongoing and willful deprivation of the Plaintiff's Second Amendment right to bear arms and his Fourteenth Amendment right to travel and due process. By maintaining a "Ghost Charge" through a "Potemkin Court" (the Foster Paradox), these actors are using their official authority to force a Systemic Financial Attrition, which has resulted in the total loss of the Plaintiff's primary residence at 613 Broken Arrow Road and termination from employment (Instacart).

IV. CONCLUSION

The timing and outcome of these actions prove a "meeting of the minds" to achieve an unlawful end: the evasion of a merit-based victory through a "Technicality Trap" (Rule 6-506 NMRA). This conduct constitutes a clear violation of 18 U.S.C. §§ 241, 242, and 1503.

WHEREFORE, the Plaintiff respectfully requests that this Court issue a formal referral to the appropriate federal authorities to ensure the integrity of the judiciary and the protection of the Plaintiff's civil rights.

RESPECTFULLY SUBMITTED,

/s/ Gregory Freeman

Plaintiff Pro Se

# EXHIBIT F





20:42

Candidate Portal:

candidate.checkr.com

Your background check from Checkr is complete. You're currently unable to shop for Instacart.

The specific background record(s) that may disqualify your application include:

- CHARGE: BATTERY (HOUSEHOLD MEMBER) (DISPOSITION: PENDING)

# EXHIBIT
# G



07:38

M-7-VM-202600030

DETAIL    PARTIES    CRIMINAL CHARGES    H

OF

## PARTY DESCRIPTION

Officer

## PARTY #

1

## PARTIES TO THIS CASE

## PARTY DESCRIPTION

Plaintiff

PARTY #



ES    HEARINGS    **ACTIONS**    JUDGE ASSIGNM

## EVENT DESCRIPTION

1/52

JDG: NOTICE OF JUDGE ASSIGNMENT

## EVENT DATE

04/13/2026

## REGISTER OF ACTIONS ACTIVITY

EVENT DESCRIPTION

2/52



07:36

M-7-VM-202600030

ES    HEARINGS    **ACTIONS**    JUDGE ASSIGNM

## EVENT DESCRIPTION

3/52

JDG: NOTICE OF JUDGE ASSIGNMENT

## EVENT DATE

04/13/2026

## REGISTER OF ACTIONS ACTIVITY



**DETAIL**   **PARTIES**   **CRIMINAL CHARGES**   H

## CASE DETAIL

### CURRENT JUDGE

Foster, Jimmy C.

### FILING DATE

02/13/2026

### COURT

ROSWELL MAGISTRATE