**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GREGORY FREEMAN,

       Plaintiff,

v.                                            No. 1:26-cv-01128-KK

FNU BURKHART,
ADELA MATA,
KATHERINE WORTHINGTON,
JESSACA WRIGHT,
FNU ROGERS,
CITY OF ROSWELL and
CHAVES COUNTY,

       Defendants.

**<u>ORDER DENYING REQUEST FOR REFERRAL FOR CRIMINAL INVESTIGATION</u>**

This case arises from Plaintiff's arrest by Defendant Roswell Police Officer Burkhart and events related to subsequent state-court proceedings. *See* Complaint at 1, 30. Plaintiff alleged Defendant Burkhart provided false information in the arrest report and intentionally omitted other evidence. *See* Complaint at 1. Plaintiff alleged that Defendant Lead District Attorney Mata, Defendant Assistant District Attorney Worthington, and Defendant District Attorney Staff Wright "intentionally suppressed and omitted" evidence and misrepresented to the court that they lacked Plaintiff's contact information. Complaint at 1-2. Plaintiff asserted an equal protection claim "arising from Defendant Burkhart's selective documentation and fabrication of a narrative," due process claims arising from the District Attorney Defendants regarding their "perjurious representations and the suppression of exculpatory evidence," an "obstruction of justice" claim against state-court Defendant Judge Rogers arising from "his physical suppression of the record," and a civil rights conspiracy claim pursuant to 42 U.S.C. § 1985 "wherein the Defendants worked

in concert to bypass the law and maintain a fraudulent prosecution against the Plaintiff." Complaint at 2.

The Court notified Plaintiff that, among other things, it appears the Court may lack jurisdiction over this case and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 10, filed April 15, 2026. Plaintiff's response to the Order to Show Cause and amended complaint are due by May 6, 2026.

Plaintiff now asserts that two state-court judges and two state prosecutors conspired to deprive Plaintiff of his "Second Amendment right to bear arms and his Fourteenth Amendment right to travel and due process" in "violation of 18 U.S.C. §§ 241 [Conspiracy against rights], 242 Deprivation of rights under color of law] and 1503 [Influencing or injuring officer or juror generally]." Formal Request for Judicial Referral for Criminal Investigation Pursuant to 18 U.S.C. §§ 241, 242, and 1503, Doc. 12 at 3-4, filed April 17, 2026. Plaintiff asks the Court to refer the state-court judges and state prosecutors to the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") for criminal investigation.

The Court denies Plaintiff's request to refer the state-court judges and state prosecutors to the DOJ and FBI for criminal investigation. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Plaintiff has not cited any authority in support of his request that the Court refer the judges and prosecutors for criminal investigation. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced"). Furthermore, the Court cannot grant Plaintiff any relief until Plaintiff demonstrates the Court has jurisdiction over this matter. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are

courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

   **IT IS ORDERED** that Plaintiff's Formal Request for Judicial Referral for Criminal Investigation Pursuant to 18 U.S.C. §§ 241, 242, and 1503, Doc. 12, filed April 17, 2026, is **DENIED.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**