**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GREGORY FREEMAN,

      Plaintiff,

v.                                                                                    No. 1:26-cv-01128-MLG-KK

FNU BURKHART,
ADELA MATA,
KATHERINE WORTHINGTON,
JESSACA WRIGHT,
FNU ROGERS,
CITY OF ROSWELL and
CHAVES COUNTY,

      Defendants.

**<u>ORDER DENYING MOTION TO SEAL DOCUMENTS</u>**

This case arises from Plaintiff's arrest by Defendant Roswell Police Officer Burkhart and events related to subsequent state-court proceedings. *See* Complaint at 1, 30. Plaintiff alleged Defendant Burkhart provided false information in the arrest report and intentionally omitted other evidence. *See* Complaint at 1. Plaintiff alleged that Defendant Lead District Attorney Mata, Defendant Assistant District Attorney Worthington, and Defendant District Attorney Staff Wright "intentionally suppressed and omitted" evidence and misrepresented to the court that they lacked Plaintiff's contact information. Complaint at 1-2. Plaintiff asserted an equal protection claim "arising from Defendant Burkhart's selective documentation and fabrication of a narrative," due process claims arising from the District Attorney Defendants regarding their "perjurious representations and the suppression of exculpatory evidence," an "obstruction of justice" claim against state-court Defendant Judge Rogers arising from "his physical suppression of the record," and a civil rights conspiracy claim pursuant to 42 U.S.C. § 1985 "wherein the Defendants worked

in concert to bypass the law and maintain a fraudulent prosecution against the Plaintiff." Complaint at 2.

Plaintiff seeks to seal his Motion, now before the Court, and three documents attached to the Motion "pursuant to the Court's inherent authority to protect sensitive information that, if made public, would cause substantial harm to the community." Notice of Ethical Concern and Motion for Leave to File Under Seal, Doc. 15, filed April 21, 2026 ("Motion").

> There is a longstanding common-law right of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions. *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980), and then quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *Id.*; *see* 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial interest that justifies depriving the public of access to the document"); *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) ("We will not permanently seal any documents unless [the movant] 'overcomes a presumption in favor of access to judicial records by articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" (quoting *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in original) (internal quotation marks omitted)).

*McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31, 1133 (10th Cir. 2022); *Elevate Federal Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1085 (10th Cir. 2023) ("Vague and conclusory statements do not meet [the heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents]").

Plaintiff asserts:

> In the course of developing the forensic roadmap contained within these documents to prove the "Bad Faith" and "Extraordinary Circumstances" required for federal intervention, the Plaintiff has uncovered systemic financial dependencies.

2

Specifically, the "Plea Mill" metrics identified are tied to essential federal grant programs, including the STOP Violence Against Women Act (VAWA) and the Edward Byrne Memorial Justice Assistance Grant (JAG) Program . . . The Plaintiff recognizes that the information contained within these filings is so aggressive and forensically sound that its public dissemination could trigger an immediate and catastrophic loss of federal funding for the State of New Mexico and the City of Roswell. The Plaintiff is deeply concerned that a public filing would unintentionally harm the most vulnerable members of his community –women and children who are legitimate victims of domestic violence and who rely on the services funded by these grants. The Plaintiff asserts that these services are vital, and the incentives for law enforcement to protect legitimate victims must remain intact.

Motion at 1. Plaintiff contends that the delay in the prosecution of his state-court case is the result of Plaintiff being "not merely a defendant in a criminal case, but a 'target of necessity' for a 'Plea Mill' that requires high-volume throughput to sustain its federal funding," "not merely a result of administrative backlog, but a coordinated, bad-faith effort to maintain federal funding metrics through the sacrifice of due process and the willful defiance of ministerial duties." Motion at 4, 7. Plaintiff bases his contention on his review of publicly available data from the FBI and Department of Justice, financial records regarding federal grants, judicial records, and federal and state law. *See* Motion at 3-11.

The Court denies Plaintiff's request to seal his Motion and the three documents attached to the Motion. Plaintiff has not met his heavy burden of showing that sealing the documents is appropriate because he has not shown that the interest in confidentiality in the documents is real and substantial. The federal grant records, state court records and federal and state laws to which Plaintiff refers in those documents are publicly available. Plaintiff has not shown that his speculative concern, that women and children who rely on the federally-funded programs may be harmed if the funding is reduced, outweighs the interests of allowing the public, including other criminal defendants similarly situated, access to the records informing the Court's decision-making process. *See* Motion at 4 (Plaintiff states "granting the Plaintiff his Factual Innocence . . . would

trigger a systemic collapse of the regional 'Plea Mill.' A finding of factual innocence based on the suppression of evidence would grant every current and former defendant within the Roswell Correctional Center (RCC) and Chaves County Detention Center (CCDC) the explicit opportunity to challenge and vacate their own convictions based on this precedent of systemic fraud").

The Motion and the attached documents are currently restricted to "Case Participants" which means they are not accessible to the public. Because the Court is denying Plaintiff's motion to seal the Motion and the attached documents, the Court directs the Clerk to remove the restriction and make the Motion and the attached documents available to the public.

**IT IS ORDERED** that:

(i)     Plaintiff's Notice of Ethical Concern and Motion for Leave to File Under Seal, Doc. 15, filed April 21, 2026, is **DENIED.**

(ii)    The Clerk remove the restriction on Plaintiff's Notice of Ethical Concern and Motion for Leave to File Under Seal, Doc. 15, filed April 21, 2026, and the attached documents and make the documents accessible to the public.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**

4